[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This vigorously contested dissolution matter comes to the Court by complaint of the plaintiff Debra Hawkins (hereinafter plaintiff/mother) against Joseph Hawkins (hereinafter defendant/father) alleging the irretrievable CT Page 3786 breakdown of a marriage and claiming, among other things, a dissolution, custody of the one minor child, alimony and counsel fees.
The defendant appeared by counsel and pro se. The paternal grandmother, Dorinda Hawkins, intervened and appeared by counsel. Because of the receipt of public assistance, the State of Connecticut was notified and the attorney general appeared on November 8, 1989, and has been represented throughout the case.
After various pendente lite matters, the case was claimed for the trial list on March 25, 1991, and the case was tried to the court at Norwich on April 22, 1992.
At the trial, evidence was taken from Susan Grant Nash, family relations counselor, the plaintiff, the defendant and the grandmother.
The parties stipulated in open court that custody of the minor child, Jacob Vella Hawkins, born October 28, 1985, should be granted to the paternal grandparents, Dorinda Hawkins and Donald Hawkins, of 36 Upper Pattagansett Road, East Lyme, Connecticut.
There was no substantial disagreement about the other aspects of the dissolution or support matters, but the parties were vigorously at issue with regard to visitation and alimony.
The family services unit of the Family Division of the Superior Court conducted a study with regard to custody and visitation matters. The report was introduced into evidence as the paternal grandparents' Exhibit B without objection.
From the evidence presented, it appears that this was a troubled family. Both father and mother at various times during their marriage were heavily involved with drugs and/or alcohol abuse. They described during their testimony their various rehabilitative efforts, both claiming to be drug free and non-alcohol dependent at the present time and for some years.
The Court finds that the defendant father has been more successful over a greater period of time in that endeavor, perhaps because of the excellent support of a nurturing family and an understanding employer who appropriately rewards and encourages his rehabilitation efforts. Plaintiff mother, on the other hand, presents a CT Page 3787 different picture. She has moved to Florida to be near her other family members. She lives with her father, but sees him seldom. Her father's residence does not provide the type of atmosphere for a recovering alcoholic or drug dependent person. Moreover, the employment she has obtained in Florida at a nightclub called "Bare Assets" does not help her to convince the Court that she is in a position to provide a wholesome atmosphere for visitation with a six-year-old child.
The Court finds that both parents are working hard at their effort to become rehabilitated to earn the respect of their child and become entitled to participate in his upbringing.
At the present time, and since October 1989, Jacob has been living with his paternal grandparents. They provide him with a stable, nurturing environment. While his circumstances continue to require counseling which he receives regularly, he is doing well at school and has adequate care and attention when not at school.
The Court, giving full consideration to the factors set forth in sections 46b-54 and 46b-82 of the General Statutes, on the basis of the evidence makes the following findings.
The Court has jurisdiction in this matter by virtue of the residency of the parties.
The marriage has broken down irretrievably. A decree of dissolution may enter and each party is hereby declared to be single and unmarried. Defendant Joseph Hawkins is ordered to pay to the State of Connecticut for the support of the minor child, Jacob, the sum of $41 per week by immediate wage withholding. In addition, based upon the testimony of the defendant, and his agreement with the State of Connecticut, the Court finds an arrearage with regard to support in the amount of $5,290 and the defendant is ordered to pay an additional $5 per week on the said arrearage to the State of Connecticut with a total weekly payment of $46 per week, all of which shall be by immediate wage withholding.
The defendant is ordered to provide medical insurance as may be available to him at his place of employment from time to time for the benefit of his minor child. The father and mother are each ordered to share equally the cost of any unreimbursed medical expenses of the minor child.
Custody of the minor child in accordance with the CT Page 3788 above stipulation is hereby ordered to the paternal grandparents, Dorinda Hawkins and Donald Hawkins.
The defendant father shall have rights of reasonable visitation with the minor child which shall be unsupervised provided that the father is drug and alcohol free at the time for such visitation.
The plaintiff mother shall have supervised visitation with the minor child upon providing 48 hours advance notice to the paternal grandparents or one of them, which supervision shall be by any adult known to Jacob and acceptable to the mother and grandparents provided that at the time of such visitation the mother shall be drug and alcohol free.
The grandparents are ordered to provide father and mother with their address and phone number from time to time and the minor child shall be reasonably available to telephone contact by father and mother from time to time without restriction. Mother and father are ordered to provide their addresses and phone numbers to paternal grandparents from time to time where they may be reached.
The plaintiff mother is ordered to pay support for the benefit of the minor child to the State of Connecticut in the amount of $10 per week. In addition, the Court finds that the plaintiff is in arrears in the amount of $1,725 for previous child support and is ordered to pay $5 per week towards said arrearage. The total weekly order for the plaintiff to pay to the State of Connecticut is $15 per week.
The defendant is ordered to pay to the plaintiff the sum of $1 per year alimony.
Each party shall be responsible for the payment of their own attorney's fees.
LEUBA, JUDGE